IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>                              Petitioner,<br><br>    v.<br><br>KATHLEEN O'BRIAN, et al.,<br><br>                              Respondents. | Case No. 1:15-cv-01169 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**<br><br>**[Doc. 1]** |

Petitioner is a civil detainee proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 28, 2015. (Pet., ECF No. 1.)  In the petition, Petitioner presents claims that Respondents have failed to make indigent funds available to his account. (Id.)  Moreover, Petitioner asserts that Respondents have verbally abused him and failed to correct the verbal abuse of their subordinates. (Id.)

**I.    DISCUSSION**

   **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

   If it plainly appears from the petition and any attached exhibits that

1

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.  **Failure to State Cognizable Claim**

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner seeks relief for the conditions of his confinement. (See Pet.) Petitioner brings claims relating to Respondents' verbal abuse and failure to make indigent funds available to his account. Petitioner does not challenge his underlying civil commitment.

Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such a civil rights complaint. Further, to the extent Petitioner is attempting to appeal the rulings

1 of his prior-filed civil rights actions, then Petitioner should direct an appeal to the United
2 States Court of Appeals for the Ninth Circuit.

3 As it does not appear possible that the deficiencies identified herein can be cured
4 by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal
5 of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en
6 banc).

7 In an appropriate case a habeas petition may be construed as a Section 1983
8 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418
9 (1971). Although the Court may construe a habeas petition as a civil rights action, it is
10 not required to do so. Since the time when the Wilwording case was decided there have
11 been significant changes in the law. For instance, the filing fee for a habeas petition is
12 five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For
13 civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform
14 Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of
15 deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A
16 prisoner who might be willing to file a habeas petition for which he or she would not have
17 to pay a filing fee might feel otherwise about a civil rights complaint for which the $400
18 fee would be deducted from income to his or her account. Also, a civil rights complaint
19 which is dismissed as malicious, frivolous, or for failure to state a claim would count as a
20 "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

21 In view of these potential pitfalls for Petitioner if the petition were construed as a
22 civil rights complaint, the case is DISMISSED without prejudice to Petitioner to present
23 the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas
24 petition, which will be assigned a separate civil number. The Clerk of Court shall send
25 Petitioner a blank civil rights complaint form along with a copy of this Order.

26 **II.    CONCLUSION AND RECOMMENDATION**

27 Therefore it is RECOMMENDED that the petition for writ of habeas corpus be
28 DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to

42 U.S.C. § 1983. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: July 31, 2015          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE